| | |
|---|---|
| MARK D. FOWLER, Bar No. 124235<br>mark.folwer@dlapiper.com<br>ANDREW VALENTINE, Bar No. 162094<br>andrew.valentine@dlapiper.com<br>WILLIAM G. GOLDMAN, Bar No. 203260<br>bill.goldman@dlapiper.com<br>SAL LIM, Bar No. 211836<br>sal.lim@dlapiper.com<br>MARC C. BELLOLI, Bar No. 244290<br>marc.belloli@dlapiper.com<br>DLA PIPER US LLP<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>Tel: 650.833.2000<br>Fax: 650.833.2001<br><br>Attorneys for Defendant/Counterclaimant<br>Trident Microsystems, Inc. | LATHAM & WATKINS LLP<br>MARK A. FLAGEL, Bar No. 110635<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 94111<br>Tel: 213.485.1234<br>Fax: 213.891.8763<br>Mark.Flagel@lw.com<br><br>LATHAM & WATKINS LLP<br>DAVID A. NELSON, appearing *pro hac vice*<br>KEVIN C. MAY, appearing *pro hac vice*<br>5800 Sears Tower<br>Chicago, IL 60606<br>Tel: 312.876.7716<br>Fax: 312.993.9767<br>David.Nelson@lw.com<br><br>LATHAM & WATKINS LLP<br>Jarod J. Buna, Bar No. 233366<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Tel: 415.391.0600<br>Fax: 415.395.8095<br>Jarod.Buna@lw.com<br><br>Attorneys for Plaintiff/Counterdefendant<br>MIPS Technologies, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIPS TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TRIDENT MICROSYSTEMS, INC.,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.  C06-07377 MMC<br><br>**[PROPOSED] STIPULATED<br>PROTECTIVE ORDER** |

DLA PIPER US LLP
EAST PALO ALTO

PA\10491328.2
348162-28

-1-

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

Whereas pretrial discovery in this action shall necessarily involve the disclosure of trade secrets or confidential research, development, or commercial information of the parties and of non-parties from whom discovery may be sought; and

Whereas Trident Microsystems, Inc. and MIPS Technologies, Inc., have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore,

The parties stipulate, pursuant to Federal Rule of Civil Procedure 26(c) – subject to approval of the Court – to the following Protective Order:

**1.     Scope Of Protection.**

1.1     This Protective Order shall govern any information, document or thing designated pursuant to paragraph 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials and things, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2     This Protective Order shall also govern any designated information, document or thing produced in this action pursuant to required disclosures under any federal procedural rule, Northern District of California local rule, and any supplementary disclosures thereto.

1.3     This Protective Order shall apply to the parties and any nonparty from whom discovery is sought and who desires the protection of this Protective Order.

**2.     Designation.**

2.1     Each party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document or thing produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business or financial information. This designation shall be made by stamping or otherwise labeling each page or thing containing Confidential information with the legend CONFIDENTIAL (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth

DLA Piper US LLP
East Palo Alto

PA\10491328.2
348162-28

-2-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

in paragraph 15.

2.2 Each party shall have the right to designate as "Attorneys' Eyes Only," any information, document or thing produced in this action which contains, reflects or otherwise discloses trade secrets, current research and development or competitively sensitive information. Such "Attorneys' Eyes Only" information, documents and things may include, without limitation, currently competitive trade secrets, confidential technical information, technical practices, methods, or other know-how, minutes of Board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees. This designation shall be made by stamping or otherwise labeling each page or thing containing Attorneys' Eyes Only information with the legend ATTORNEYS' EYES ONLY (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 14.

2.3 The parties will use reasonable care to avoid designating any information, documents or things Confidential that are generally available to the public. The parties will also use reasonable care to avoid designating any information, documents or things "Confidential" or "Attorneys' Eyes Only" for which the designating party does not have a good faith belief that the information, documents or things satisfy the criteria set forth in this paragraph. To the extent that material is marked Confidential or Attorneys' Eyes Only (collectively "Designated Information"), such material shall be revealed to or used only by qualified persons as provided for in paragraph 4 and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof shall also be deemed Confidential or Attorneys' Eyes Only and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

2.4 With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling need not be made until copies of the materials are requested

DLA PIPER US LLP
EAST PALO ALTO
PA\10491328.2
348162-28
-3-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated Attorneys' Eyes Only from the time of the inspection until otherwise designated pursuant to this Protective Order or produced without a designation.

### 3. Limit On Use And Disclosure Of Designated Information.

3.1 All recipients of Confidential or Attorneys' Eyes Only information pursuant to this Protective Order shall use any Designated Information governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court. The prosecution and defense of this action does not include prosecution of patent applications, reissue applications, reexamination applications, interference proceedings or opposition proceedings. No party or other person shall disclose or release to any person not authorized under this Protective Order any Designated Information governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2 While it is understood that counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated Confidential and Attorneys' Eyes Only information received by the party – provided that such rendering of advice and opinions shall not reveal the content of such Designated Information except by prior written agreement with counsel for the producing party – counsel receiving Confidential or Attorneys' Eyes Only information under this Protective Order will not in any way use such Designated Information to provide advice or opinions to in any way facilitate prosecution of any patents or to otherwise attempt to secure patent claims (e.g., reissue, reexamination, certificates of correction).

3.3 The attorneys of record for the parties and other persons receiving Designated Information governed by this Protective Order shall exercise reasonable care to ensure that the Designated Information governed by this Protective Order is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

-4-

DLA PIPER US LLP
EAST PALO ALTO
PA\10491328.2
348162-28
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

3.4     If Designated Information subject to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party and the Court and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

**4.     Disclosure Of Designated Information.**

4.1     Information, documents or things designated Confidential shall be disclosed by the recipient thereof only to:

　　　　a.     the outside attorneys of record for the parties, and their authorized secretarial, clerical and legal assistant staff;

　　　　b.     up to three employees of each named party (to be identified to the other parties prior to receipt by the employees of any Designated Information) not involved in the preparation or prosecution of patent applications, provided that each individual must first agree to be bound by the terms of this Protective Order;

　　　　c.     consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, subject to the procedures of paragraph 6, who are not employees or otherwise affiliated with any of the parties, and who first agree to be bound by the terms of this Protective Order by executing a Confidentiality Undertaking in the form attached as Exhibit A hereto,

　　　　d.     the Court and Court personnel;

　　　　e.     court reporters employed in connection with this action;

　　　　f.     outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers, trial consultants and animators); and

　　　　g.     translation services necessary for translating documents in this action.

4.2     Information, documents or things designated Attorneys' Eyes Only shall be

DLA PIPER US LLP
EAST PALO ALTO

PA\10491328.2
348162-28

-5-

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

disclosed only to those categories of individuals listed in paragraph 4.1, excluding sub-paragraphs 4.1(b).

       4.3    No disclosure of Designated Information shall be made to persons in sub-paragraphs 4.1(b) - (c) unless such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party. Separate Confidentiality Undertakings shall not be required for staff members working under the supervision of an individual signing a Confidentiality Undertaking. In any case, the provisions of paragraph 6 must be followed prior to any disclosure of Confidential or Attorneys' Eyes Only information to experts, consultants or their staff.

**5.     Withholding and Redaction.**

Counsel for a party producing documents may withhold documents or mask ("redact") material deemed exempt from discovery because such documents or material are protected from disclosure under the attorney-client privilege or work product doctrine of Fed. R. Civ. P. 26(b). For withheld documents, the document withheld, along with the protection claimed for the document and the basis for the protection, shall be reported on a log to be provided on a date to be agreed upon by the parties. Documents created after the filing date of this action which are protected from disclosure under the attorney-client privilege or work product doctrine need not be included on the privilege log. For redacted documents, (i) the produced document must identify the area where redaction has occurred; and (ii) the identity of the redacted document, the protection claimed for the redacted portions, and the basis for the protection shall be reported on a log to be provided within thirty (30) calendar days after the production of the redacted document. In all cases, sufficient information must be provided to enable the other party to evaluate the legitimacy of the asserted privilege or immunity.

**6.     Identification Of Experts.**

       6.1    If any party desires to disclose information designated Confidential or Attorney's Eyes Only to any expert or consultant pursuant to paragraph 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. Such

DLA PIPER US LLP
EAST PALO ALTO

PA\10491328.2
348162-28

-6-

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, a list of the proposed expert or consultant's past, current and anticipated consulting relationships (with the exception of damages experts), a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years and all prior and/or present relationships between the expert or consultant and the parties in this case.

6.2     The attorney for the producing party shall have five (5) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. Objections shall not be made except where the objecting party has a good faith belief that it may be harmed by the disclosure of the party's information. Any objection made to an opposing party shall state in detail the basis for the objection.

6.3     The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure to the consultant or expert within ten (10) business days after the objection was made. If any such motion is made, the objecting party shall bear the burden of proof. If no such motion is made within said ten (10) business day period, the consultant or expert shall be permitted to receive Confidential or Attorneys' Eyes Only information pursuant to the terms of this Protective Order. In the event objections are made and not resolved informally and a motion is filed, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

6.4     The parties agree that expert discovery will be limited to the final expert report(s) and all information, documents or things upon which the expert relied in preparing the final expert report(s). In the event any party withdraws and/or replaces an expert designated under this provision prior to submission of a report by said expert, the opinions and materials generated by said expert shall not be subject to discovery.

7.     **Related Documents.**

Information, documents or things designated Confidential or Attorneys' Eyes Only may include (a) portions of documents, copies, extracts, and complete or partial summaries prepared

DLA PIPER US LLP
EAST PALO ALTO
PA\10491328.2
348162-28
-7-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with paragraph 9.

**8.     Designation Of Hearing Transcripts And Deposition Transcripts And Exhibits.**

8.1     Deposition transcripts, or portions thereof, may be designated as containing Confidential or Attorneys' Eyes Only information subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see paragraphs 2.1 and 2.2) as the designating party may direct, or (b) within ten (10) business days after receipt of the official transcript of the deposition by providing written notice to the reporter and all counsel of record of the specific pages and lines that contain Confidential or Attorneys' Eyes Only information, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, Attorneys' Eyes Only for a period of fifteen (15) business days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 4.2 during that period. Any portions of such transcripts not designated within this time frame shall not thereafter be treated as Confidential or Attorneys' Eyes Only information, except by order of the Court.

8.3     Any party may mark any document or thing containing Confidential or Attorneys' Eyes Only information as an exhibit to a deposition, hearing or other proceeding, provided the witness is qualified under the terms of this Protective Order to have access to such designated material.

8.4     The designating party shall have the right to exclude from a deposition,

DLA PIPER US LLP
EAST PALO ALTO
PA\10491328.2
348162-28
-8-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

before the taking of testimony which the designating party designates Confidential or Attorneys' Eyes Only and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to paragraph 4.

   8.5 At any court hearing or proceeding no party is prevented by this Protective Order from moving the Court to close the hearing and designate all or portions of the transcript as Confidential or Attorneys' Eyes Only information.

**9. Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated Confidential or Attorneys' Eyes Only to any current employee of the producing party or to any person that the document clearly identifies as an author, addressee, or recipient of such document or who can be shown by appropriate foundation (without disclosing the contents of the document) would have received the particular document or would have been expected to know the contents of particular document based on his/her position. Regardless of the designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss the subject matter of such conduct or statements with such witness without revealing any portion of the contents of the document or testimony, and such discussion shall not constitute disclosure in violation of this Protective Order.

**10. Confidentiality Of Party's Own Documents.**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure by the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

DLA PIPER US LLP
EAST PALO ALTO

PA\10491328.2
348162-28

-9-

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

Case 3:06-cv-07377-MMC   Document 27   Filed 03/15/07   Page 10 of 16

**11.     Designation Of Documents Under Seal.**

Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

**12.     Challenge To Confidentiality.**

12.1     This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an order permitting the disclosure or use of Designated Information otherwise prohibited by this Protective Order, or (c) applying for a further order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation or to the alleged status of any material as a proprietary and/or trade secret, nor be construed as an admission of same status.

12.2     If a party seeks de-designation of particular items the following procedure shall be utilized:

   a.     The party seeking such de-designation shall give counsel of record for the other party written notice thereof specifying the Designated Information as to which such removal is sought and the reasons for the request; and

   b.     If, after conferring, the parties cannot reach agreement concerning

-10-

DLA PIPER US LLP
EAST PALO ALTO
PA\10491328.2
348162-28
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

the matter within five (5) business days after the delivery and receipt of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed. On any such motion, the burden of proof shall lie with the producing party to establish that the information is, in fact, properly designated as Confidential or Attorneys' Eyes Only information.

### 13. Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.

13.1   The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure promptly sends to each receiving party a written request for return of the inadvertently produced or disclosed document or thing. Upon being notified by the producing party pursuant to this paragraph, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue. The receiving party shall return or destroy all copies of such documents within five (5) business days of such notice and certify such return or destruction in writing to the producing party. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity.

   a.   If the receiving party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work product immunity, the receiving party shall so notify the producing party in its certification of return or destruction of the documents or things;

   b.   Within five (5) business days after receiving such notification, the producing party shall provide to the receiving party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity.

   c.   Within five (5) business days after receiving such a list, the receiving party may file a motion to compel production of such documents and things, the

DLA PIPER US LLP
EAST PALO ALTO

PA\10491328.2
348162-28

-11-

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

protection of which is still disputed.  If such a motion is filed, the producing party shall have the burden of proving that the documents and things in dispute are protected by attorney-client privilege or by work product immunity.

     d. With respect to documents and things generated by a receiving party which contain information derived from such inadvertently produced documents and things, if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product immunity, the receiving party shall either destroy the derivative documents and things or redact from them all such derivative privileged or immune information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

**14. Inadvertent Failure To Designate.**

A producing party or nonparty that inadvertently fails to designate information, documents or things pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, to the receiving party within five (5) business days of discovery that the information, documents or things were not properly designated.  The receiving party shall not be in violation of this Protective Order for disclosures made prior to receipt of notification.  Those individuals who reviewed the information, documents or things prior to the notice of misdesignation or failure to designate by the producing party shall return to counsel for the producing party or destroy and certify destruction of all copies of the misdesignated information, documents or things within ten (10) business days after receipt of such notification.

**15. Prior Or Public Knowledge.**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public, was in the possession of the party to whom disclosure is made prior to disclosure or is public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source

DLA PIPER US LLP
FAST PALO ALTO

PA\10491328.2
348162-28

-12-

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

not subject to this Protective Order.

**16.     Limitation Of Protective Order.**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

**17.     Other Proceedings.**

17.1    By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's Confidential or Attorneys' Eyes Only information pursuant to this Protective Order shall promptly notify that party of the motion and provide that party with a copy of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

17.2    Furthermore, any person or party subject to this Protective Order who is subject to a subpoena to disclose another party's Confidential or Attorneys' Eyes Only information shall promptly notify that party of the existence of the subpoena and provide that party with a copy of the subpoena so that party may have an opportunity to appear and be heard on whether such information should be disclosed.

**18.     Non-Party Material.**

The terms of this Protective Order are applicable to Confidential or Attorneys' Eyes Only information provided by a non-party. Information provided by a non-party in connection with this action and designated Confidential or Attorneys' Eyes Only, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

**19.     Return Of Designated Information.**

Within sixty (60) calendar days after the final termination of the last of this action by unappealable judgment, exhaustion of all appeals or settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or

DLA PIPER US LLP
EAST PALO ALTO

PA\10491328.2
348162-28

-13-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

certify destruction of, all Designated Information and all other materials containing Designated Information, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that one complete set of all pleadings (including exhibits) and any documents or copies which contain, constitute or reflect attorney work product or attorney-client privilege communications may be retained by counsel, subject to a continuing obligation to protect Designated Information pursuant to this Protective Order.

**20.     Costs Of Productions.**

Each party agrees to bear its own costs associated with the production of documents and things unless otherwise agreed by the parties or ordered by the Court.

**21.     Waiver Or Termination Of Protective Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown.

**22.     Modification Of Protective Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court. This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

**23.     Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Protective Order.

DLA PIPER US LLP
EAST PALO ALTO
PA\10491328.2
348162-28
-14-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

**24.  Days.**

All references to "days" in this Protective Order shall be construed as calendar days, unless otherwise specifically indicated.

Dated: March 13, 2007

DLA PIPER US LLP

By _____
MARK D. FOWLER
ANDREW VALENTINE
WILLIAM G. GOLDMAN
SAL LIM
MARC BELLOLI
Attorney for Defendant/Counterclaimant
TRIDENT MICROSYSTEMS, INC.

Date: March 14, 2007

LATHAM & WATKINS LLP

By _____
MARK A. FLAGEL
DAVID A. NELSON
KEVIN C. MAY
JAROD J. BUNA
Attorney for Plaintiff/Counterdefendant
MIPS TECHNOLOGIES, INC.

**IT IS SO ORDERED:**

Dated: March 15, 2007

_____
MAXINE M. CHESNEY
UNITED STATE DISTRICT JUDGE

DLA PIPER US LLP
EAST PALO ALTO

PA\10491328.2
348162-28

-15-

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC

## EXHIBIT A

MIPS TECHNOLOGIES, INC.,

    Plaintiff,

v.

TRIDENT MICROSYSTEMS, INC.,

    Defendant.

CASE NO. C06-07377 MMC

### CONFIDENTIALITY UNDERTAKING

I have read the Protective Order concerning the confidentiality of information in the above captioned litigation. I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain confidential information. I also understand that the Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order described above with respect to any information designated Confidential or Attorneys' Eyes Only that is furnished to me. I hereby consent to the personal jurisdiction of the United States District Court, Northern District of California, for any proceedings involving the enforcement of that Protective Order.

EXECUTED this _____ day of _____, 2007

_____
Name

_____
Signature

_____
Present Employer or Other Business Affiliation

_____
Business Address

DLA PIPER US LLP
EAST PALO ALTO
PA\10491328.2
348162-28
-16-
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 06-07377 MMC